Filed 4/25/13  Wiles v. Pratt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GARY ALAN WILES, | |
|    Plaintiff and Appellant, | G047286 |
|       v. | (Super. Ct. No. 30-2012-00585595) |
| DAVID PRATT, as Executor, etc., | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Randall J. Sherman, Judge.  Affirmed.  Motion for judicial notice.  Denied.  Motion for sanctions.  Denied.

S.A. Myaskovsky and Sousan Myaskovsky Alemansour for Plaintiff and Appellant.

Hagan & Associates, Cara J. Hagan and Shannon C. Whitman for Defendant and Respondent.

\*        \*        \*

INTRODUCTION

Melinda Julie LaMere and Gary Alan Wiles were married in April 2012. They did not, either before or after their marriage ceremony, obtain a marriage license. LaMere died less than a month after the wedding ceremony. Wiles filed a petition to establish the fact, date, and place of the marriage. The trial court denied the petition, and Wiles appeals.

We conclude California law mandates issuance of a marriage license, as well as consent of the parties and solemnization, in order to have a valid marriage. Lacking a marriage license, the marriage of LaMere and Wiles was not valid. We therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 28, 2012, Reverend Agustin Cortes performed a marriage ceremony for Wiles and LaMere; at the time, LaMere was hospitalized. It is undisputed that Wiles and LaMere never obtained a marriage license. LaMere died on May 24, 2012.

On July 24, 2012, in the Orange County Superior Court, Wiles filed a petition to establish the fact, date, and place of the marriage. The trial court denied the petition on the ground there was no marriage license and, therefore, no valid marriage. Wiles timely appealed.

DISCUSSION

I.

*STANDARD OF REVIEW*

The issue before us is whether California law requires a marriage license be issued to have a valid marriage. This is a legal issue involving statutory interpretation, which we review de novo. (*Estate of DePasse* (2002) 97 Cal.App.4th 92, 98-99.)

2

## II.

### *JUSTICIABLE CONTROVERSY*

David Pratt, LaMere's brother and the proposed executor of her estate, argues there is no justiciable controversy, and the appeal should be summarily dismissed. Pratt contends that the only reason Wiles filed his petition was to gain control of LaMere's remains to bury them in the cemetery where he also intends to be buried. Because the Riverside County Superior Court ordered LaMere's remains turned over to Pratt, and her remains have been buried next to those of her first husband, Pratt contends the case has been rendered moot. If this court were to reverse the trial court's order, there would be no reason LaMere's remains could not be reinterred at a different cemetery. More importantly, the issue whether LaMere and Wiles were validly married will have an impact on Wiles's ability to recover as a surviving spouse. We therefore conclude there is a justiciable controversy on appeal.

## III.

### *A VALID MARRIAGE REQUIRES, AMONG OTHER THINGS, ISSUANCE OF A MARRIAGE LICENSE.*

Wiles filed a petition for an order to judicially establish his marriage to LaMere because no official record of their marriage existed. Such an order is authorized by Health and Safety Code section 103450, subdivision (a), which provides: "A verified petition may be filed by any beneficially interested person with the clerk of the superior court in and for (1) the county in which the birth, death, or marriage is alleged to have occurred, (2) the county of residence of the person whose birth or marriage it is sought to establish, or (3) the county in which the person was domiciled at the date of death for an

3

order to judicially establish the fact of, and the time and place of, a birth, death, or marriage that is not registered or for which a certified copy is not obtainable."[1]

California law expressly requires that a license be issued in order for a marriage to be valid. Indeed, many statutes so require:

*Family Code section 300, subdivision (a)*: "Marriage is a personal relation arising out of a civil contract between a man and a woman, to which the consent of the parties capable of making that contract is necessary. Consent alone does not constitute marriage. Consent must be followed by the issuance of a license and solemnization as authorized by this division . . . ."

*Family Code section 350, subdivision (a)*: "Before entering a marriage . . . , the parties shall first obtain a marriage license from a county clerk."

*Family Code section 306*: "[A] marriage shall be licensed, solemnized, and authenticated, and the authenticated marriage license shall be returned to the county recorder of the county where the marriage license was issued, as provided in this part. Noncompliance with this part by a nonparty to the marriage does not invalidate the marriage."

*Family Code section 421*: "Before solemnizing a marriage, the person solemnizing the marriage shall require the presentation of the marriage license. If the person solemnizing the marriage has reason to doubt the correctness of the statement of facts in the marriage license, the person must be satisfied as to the correctness of the statement of facts before solemnizing the marriage. For this purpose, the person may

---

[1] Although the marriage ceremony between LaMere and Wiles occurred in San Bernardino County, and Wiles stated that he and LaMere resided together in Riverside County, at the time he filed the petition to establish the fact, date, and place of the marriage, Wiles declared under penalty of perjury that his residence was in Orange County, California. Based on Wiles's statement of his residency, it appears there was jurisdiction for the petition to be filed in the Orange County Superior Court, pursuant to Health and Safety Code section 103450, subdivision (a).

4

administer oaths and examine the parties and witnesses in the same manner as the county clerk does before issuing the license."

*Family Code section 359, subdivisions (a)-(e)*: "(a) . . . [A]pplicants to be married shall first appear together in person before the county clerk to obtain a marriage license. [¶] (b) The contents of the marriage license are provided in Part 1 (commencing with Section 102100) of Division 102 of the Health and Safety Code. [¶] (c) The issued marriage license shall be presented to the person solemnizing the marriage by the parties to be married. [¶] (d) The person solemnizing the marriage shall complete the solemnization sections on the marriage license, and shall cause to be entered on the marriage license the printed name, signature, and mailing address of at least one, and no more than two, witnesses to the marriage ceremony. [¶] (e) The marriage license shall be returned by the person solemnizing the marriage to the county recorder of the county in which the license was issued within 10 days after the ceremony."

In *Estate of DePasse*, *supra*, 97 Cal.App.4th at page 95, based on an interpretation of those same statutes, the appellate court concluded, "the issuance of a license is a mandatory requirement for a valid marriage in California [and a] petition to establish the fact of marriage pursuant to Health and Safety Code section 103450 did not cure [a] failure to obtain a license." (See also *In re Marriage of Ramirez* (2008) 165 Cal.App.4th 751, 756-757 [if marriage license is invalid, marriage itself is invalid].) We conclude that, based on the relevant statutes and *Estate of DePasse*, the trial court's order must be affirmed.

Wiles's arguments to the contrary do not change our conclusion. First, Wiles agrees, as he must, the statutory language clearly states a valid marriage requires consent, issuance of a license, and solemnization. Wiles argues, however, the statutes do not state that the lack of a license means the marriage is not valid. We see this claimed distinction as meaningless.

5

Wiles also argues that a ceremonial marriage is presumed to be valid, citing Evidence Code section 663. As Wiles admits, however, that presumption is one affecting the burden of proof, and is a rebuttable presumption. (Evid. Code, § 660.) In this case, any presumption was rebutted by Wiles's admission that no marriage license was ever issued, which, as noted *ante*, makes the marriage invalid.

Wiles next argues that *Estate of DePasse* was wrongly decided. That opinion correctly notes that the statutes require three elements to make a marriage valid: consent, issuance of a license, and solemnization.[2] *Estate of DePasse* is hardly contrary to law, as Wiles suggests. One of the leading California treatises on California family law provides as follows: "A valid marriage under California law requires the *consent* of the parties to that civil contract. [Citation.] But the parties' consent does not alone constitute a marriage. To *validate* the marriage, the consent must be followed by issuance of a *license* [citation], *solemnization* [citation] and *authentication* [citation]; and the authenticated marriage license 'shall be returned to the county recorder of the county where the marriage license was issued.' [Citations.] [¶] . . . The conditions for the creation (or termination) of a valid marriage lie within the *sole province of the Legislature*. [Citations.] [¶] Noncompliance with the Fam.C. §300 et seq. requirements by a *nonparty* to the marriage does not invalidate the marriage. [Citation.] For instance, an otherwise valid marriage would not be invalidated by the failure of the person solemnizing the marriage to return the certificate of registry. [Citation.] [¶] On the other hand, a marriage will be *invalidated* by the parties' failure to comply with the statutory requirements. [Citation.]" (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2012) ¶¶ 19:2.20 to 19:2.21, pp. 19-6 to 19-7 (rev. #1, 2012).) "The

---

[2] Cases interpreting earlier versions of California statutes defining the requirements of a valid marriage—which did not include the requirement of a license—are inapposite. (See, e.g., *Estate of Shipp* (1914) 168 Cal. 640, 642; *Norman v. Thomson* (1898) 121 Cal. 620, 628.

issuance of a marriage license is a *mandatory* prerequisite to a valid marriage in California." (*Id.*, ¶ 19:7.5, p. 19-9 (rev. #1, 2012).)

Wiles also argues the Judicial Council of California exceeded its authority by declaring on Judicial Council form MC-362A (the declaration in support of a petition to establish fact, date, and place of marriage) that "[a] marriage license is required for a valid marriage in California. The procedure described in Health and Safety Code sec. 103450, et seq., cannot establish the validity of a California marriage if no marriage license was obtained." (Italics omitted.) As explained *ante*, this is a correct statement of California statutory and case law. Including a correct statement of the law on a standardized form did not cause the Judicial Council to exceed the powers granted to it under the California Constitution.

## IV.

### *MOTION TO TAKE JUDICIAL NOTICE*

Wiles filed a motion asking this court to take judicial notice of the reporter's transcript from a July 25, 2012 hearing in the Riverside County Superior Court, in the case entitled *In re Estate of Melinda LaMere*, No. MCP1200342. Wiles asks that we take judicial notice of this document to "ensure that the appeal of Gary Alan Wiles will not be affected or dismissed for want of service of the Petition upon David Pratt." Wiles contends that the transcript will show Pratt received notice at the July 25 hearing that Wiles's petition to establish the fact, date, and place of the marriage was pending in the Orange County Superior Court.

Pratt, however, does not argue on appeal that he was not served with Wiles's petition, and does not argue the appeal should be dismissed on that ground. We therefore deny the motion for judicial notice because the transcript is irrelevant to any issue on appeal. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1089 & fn. 4.)

7

Wiles also submitted additional documents to this court, without including them in his motion for judicial notice.  Those documents are not properly before this court for a ruling.  They are offered for the same reason as the reporter's transcript, discussed *ante*, and we would therefore deny the motion for judicial notice as to those documents on the same grounds, in any event.

V.

*MOTION FOR SANCTIONS*

Wiles seeks sanctions against Pratt and/or Pratt's appellate attorneys on the grounds Pratt's request for an extension of time to file his respondent's brief was based on a "misrepresentation of events" and Pratt's respondent's brief "contains misrepresentation of facts, omission of material facts and of records of the Superior Courts of Orange County and of the [*sic*] Riverside County."  Pratt timely opposed the motion for sanctions.

It would be easy for this court to deny the motion for sanctions on the simple ground that it is not properly supported.  It is black letter law in this state that a declaration must (1) be supported by a certification "'under penalty of perjury that the foregoing is true and correct'" (Code Civ. Proc., § 2015.5, subd. (a)); (2) be limited to facts, not legal arguments (*In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 30, fn. 3); and (3) be based on the declarant's personal knowledge and contain facts establishing the basis of the declarant's information (Evid. Code, § 403, subd. (a)(2)).  Wiles's appellate counsel's declaration in support of the motion for sanctions fails in each of these respects.

First, the declaration does not include either of the standard jurats specified in Code of Civil Procedure section 2015.5.  The declaration includes the following language, which does not suffice:  "I am an attorney duly licensed to practice before all

8

courts of The State of California. I am in good standing with The State Bar of California and I am competent to testify to the following, under penalty of perjury."[3]

Second, Wiles's counsel peppers the declaration with argument. For example: "[I]t became clear, that the intent of Respondent's Brief was simply to mislead the appellate court." Later, the declaration states: "Respondent's attorney simply disregarded the correct and true nature of documents on file with two Superior Courts and misrepresented the facts to the appellate court."

Third, the declaration fails to establish the declarant's personal knowledge of many of the stated facts. Again, merely by way of example, the declaration makes statements about the manner in which LaMere signed her name on the petition for dissolution of marriage from her first husband, and in which she executed her will, without any statement that the declarant had reviewed or was competent to testify about those documents.

We could also deny the motion for sanctions because the amount of sanctions sought—$2,000—is nowhere supported by a declaration that this amount somehow corresponds with the reasonable attorney fees incurred by Wiles due to the allegedly sanctionable conduct of Pratt or his counsel.

We choose, however, to deny this motion for sanctions on its merits, in order to highlight the continuing problem of incivility by lawyers demonstrated by Wiles's counsel's behavior. (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 293-294.) On the merits, the motion for sanctions is frivolous. In the motion for sanctions, Wiles and his counsel irresponsibly accuse Pratt's counsel of making misrepresentations in order to obtain an extension of time to file Pratt's

---

[3] The declaration also fails to comply with California Rules of Court, rule 3.1115, which provides: "The caption of a declaration must state the name of the declarant and must specifically identify the motion or other proceeding that it supports or opposes." The declaration in this matter is buried inside a single document entitled "Notice of Motion and Motion for Sanction."

9

respondent's brief. What is clear from Wiles's counsel's own declaration is that with full knowledge that an attorney had substituted in to represent Pratt, Wiles's counsel refused to serve that attorney with Wiles's opening appellate brief (or even provide a courtesy copy of the brief) because the substitution of attorney form had been filed in the trial court, not in this court. Wiles's counsel then refused to stipulate to an extension of time to file the respondent's brief. Finally, Wiles's counsel requested this court to award sanctions against Pratt and his counsel for alleged misrepresentations made in the request for an extension of time to file the respondent's brief. There was no misrepresentation by Pratt's counsel. A higher standard of professionalism and civility is required from Wiles's counsel.

Generally, sanctions may be awarded on appeal when the appeal was prosecuted for an improper motive and was indisputably without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646, 650.) We conclude Wiles has failed to establish an unreasonable violation of the rules of court by Pratt or his attorneys, and we deny the motion for sanctions.

Sanctions may also be awarded for filing a frivolous motion on appeal. (Cal. Rules of Court, rule 8.276(a)(3).) Had Pratt filed a motion to recover sanctions against Wiles and his counsel, based on the filing of Wiles's motion for sanctions, we would have given serious consideration to granting such a motion. However, Pratt did not file a motion; he did file an opposition to Wiles's motion for sanctions. In opposing that motion, Pratt's counsel included a request for sanctions and a declaration detailing the reasonable attorney fees incurred in opposing Wiles's motion. Regrettably, that is insufficient.

DISPOSITION

The order is affirmed.  Respondent to recover costs on appeal.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.